**NOT FOR PUBLICATION**

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JOHN INGLESE and ELIZABETH INGLESE (his wife),** | Civil Action No. 2:13-01927 (ES) (JAD) |
| **Plaintiffs,** | |
| **v.** | **REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO** |
| **ROBERT KULPA, AZTEC AGENCY, INC., FOREMOST INSURANCE COMPANY and PREFERRED MUTUAL INSURANCE COMPANY,** | **DISMISS AND PLAINTIFFS' CROSS-MOTION TO AMEND** |
| **Defendants.** | |

JOSEPH A. DICKSON, U.S.M.J.

This matter comes before the Court upon Defendants Robert Kulpa and Aztec Agency, Inc.'s motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(6), (ECF No. 18), and Plaintiffs' cross-motion for leave to amend their pleading. (ECF No. 19). The Hon. Esther Salas, U.S.D.J. referred both motions to this Court for a Report and Recommendation. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, the Court did not hear oral argument. Upon consideration of the parties' submissions, and for the reasons stated below, it is the recommendation of this Court that Defendants' motion to dismiss be **denied without prejudice** and that Plaintiffs' cross-motion for leave to amend be **granted**.

## I.   BACKGROUND

### a.   Factual Background

Plaintiffs' Complaint arises from flood damage allegedly sustained to their property, and their efforts to obtain flood insurance benefits as a result of that loss.  Specifically, Plaintiffs, John Inglese and, his wife, Elizabeth Inglese (together, "Plaintiffs") allege that they paid Defendants Robert Kulpa ("Kulpa") and Aztec Agency ("Aztec"), a licensed insurance producer, to procure certain flood insurance on their property and that, thereafter, Defendant Preferred Mutual Insurance Company  ("Preferred") issued that insurance policy. (Compl., ECF No. 1-1, ¶¶ 3-4).   Plaintiffs note that on or about October 31, 2012, Foremost Insurance Company ("Foremost") took over Preferred's flood insurance coverage on the property.   (Id. ¶ 5). Plaintiffs allege their property sustained damage as the result of a flood on October 29, 2012. (Id. ¶ 5).  Plaintiffs further allege that they thereafter demanded that Defendants Kulpa, Aztec, Preferred and/or Foremost (collectively, "Defendants") compensate Plaintiffs for the flood damage, but Defendants refused to do so, in breach of the parties' purported agreements. (Id., ¶¶ 7-8).

### b.   Procedural History

On February 19, 2013, Plaintiffs filed their Complaint in the New Jersey Superior Court, Law Division, Bergen County seeking monetary damages from Defendants for property damage in accordance with the coverage afforded by their insurance policy.   Plaintiffs allege that Defendants' refusal to pay is a breach of contract.

Of particular importance in the context of this motion, Plaintiffs made several explicit statements concerning the terms of the contract at issue, under which Defendants Aztec and

Kulpa allegedly agreed to provide flood insurance coverage on Plaintiffs' property.  For instance, the First Count of the Complaint states, in pertinent part:

> 3. ...Plaintiffs paid defendant Kulpa and/or Aztec and/or Preferred Mutual Insurance Company... $365.00 as payment for the flood insurance coverage on the aforesaid property.
>
> . . .
>
> 7. Thereafter plaintiffs demanded that defendants Kulpa, Aztec, Preferred and/or Foremost pay plaintiffs the amount of the damages they sustained due to the flooding in accordance with plaintiffs' insurance agreements(s) with the aforesaid defendants.
>
> 8.  The aforesaid defendants have refused to compensate plaintiffs in accordance with their agreement with plaintiffs and the aforesaid contract of insurance.

(Compl., ECF No. 1-1, ¶¶ 3, 7-8).

On March 27, 2013, Co-Defendants Foremost and Preferred filed a Notice of Removal from the New Jersey Superior Court.  (ECF No. 1).  Foremost and Preferred argued that Plaintiffs' Complaint presented a claim for benefits under a Standard Flood Insurance Policy, and that because federal law provides the United States District Court with original, exclusive jurisdiction over such claims, removal was therefore appropriate pursuant to 28 U.S.C. § 1331 and by operation of 28 U.S.C. §1441(a) and (c).  (Not. of Removal, ECF No. 1, ¶¶ 1-2, 15-22).

On October 10, 2013, Defendants Kulpa and Aztec filed a motion to dismiss Plaintiffs' claims against them, arguing that those claims sound in professional negligence and that Plaintiffs failed to timely provide an Affidavit of Merit as required by N.J.S.A. 2A:53A-27. (Def. Br., ECF No. 18-5, at 8-14).  Kulpa and Aztec contend that Plaintiffs' failure to comply with the Affidavit of Merit statute constitutes a failure to state a claim upon which relief can be granted, thereby requiring that the Court dismiss Plaintiffs' pleading with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).   (Def. Br., ECF No. 18-5, 4-14).   Plaintiffs subsequently filed a cross-motion to amend their Complaint to add a claim of professional

3

negligence against Defendants Kulpa and Aztec. (Mot. to Amend, ECF No. 20). In their proposed, amended pleading, Plaintiffs allege that, in addition to breaching their agreement with Plaintiffs, Defendants Kulpa and Aztec were negligent in failing to sufficiently procure appropriate insurance for Plaintiffs' property, and that those defendants' negligence caused Plaintiffs to suffer damages. (Proposed Am. Compl., ECF No. 20-2, Second Count, at ¶ 2).

This Court must therefore first resolve whether the claims Plaintiffs asserted against Defendants Aztec and Kulpa in the original Complaint sound in professional negligence of the nature contemplated by the Affidavit of Merit Statute or, alternatively, are properly read as a claim for breach of contract. If the Court determines the former, Plaintiffs' claims against Aztec and Kulpa should be dismissed due to Plaintiffs' failure to timely serve an Affidavit of Merit.[1] If, however, the Court determines that Count One of the Complaint sounds in breach of contract, it must then consider the propriety of allowing Plaintiffs to amend their Complaint to include a proposed Second Count for professional negligence.

## II.    **LEGAL STANDARD**

### a.    **Failure to State a Claim Upon Which Relief Can Be Granted Under Fed. R. Civ. P. 12(b)(6)**

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences from the facts alleged in the light

---

[1] Defendants Kulpa and Aztec argue that, in accordance with New Jersey's Affidavit of Merit Statute, N.J.S.A. 2A:53A-27, Plaintiffs were required to serve an affidavit of merit in connection with their claims, at the latest, 120 days from the date on which Kulpa and Aztec filed their Answer to the original Complaint. (Def. Br., ECF No. 18-5, at 2, 3, 13-14). As those defendants filed their Answer on May 10, 2013, (ECF No. 13), and assuming that the Affidavit of Merit Statute applied to Plaintiffs' claims, Plaintiffs would have been required to provide an appropriate affidavit of merit on or before September 7, 2013. Plaintiffs do not take issue with this calculation of time. Rather, Plaintiffs argue that their claims against Kulpa and Aztec sound in breach of contract and thus do not implicate the Affidavit of Merit Statute at all. (Pl. Br., ECF No. 19, at 3-5).

4

most favorable to the [Plaintiff]." <u>Phillips v. Cnty. Of Allegheny</u>, 515 F.3d 224, 228 (3d Cir. 2008). Indeed, when considering a motion to dismiss pursuant to Rule 12(b)(6), the Court's review is generally "limited to the contents of the complaint." <u>McGovern v. City of Philadelphia</u>, 554 F.3d 114, 121, n.5 (3d Cir. 2009) (citing <u>Yarris v. County of Delaware</u>, 465 F.3d 129, 134 (3d Cir. 2006)); <u>Jordan v. Fox, Rothschild, O'Brien & Frankel</u>, 20 F.3d 1250, 1261 (3d Cir. 1994) ("In determining whether a claim should be dismissed under Rule 12(b)(6), a court looks only to the facts alleged in the complaint and its attachments without reference to other parts of the record.")[2]

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Id.</u> "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. <u>Id.</u> "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'shown' – that the pleader is entitled to relief." <u>Id.</u>

---

[2] The Court notes that the United States Court of Appeals for the Third Circuit has identified specific, narrow exceptions to this general rule, none of which are applicable here. For instance, the Third Circuit has clarified that the District Court may consider exhibits attached to the complaint and matters of public record, <u>Sands v. McCormick</u>, 502 F.3d 263, 268 (3d Cir. 2007), as well as the decisions of other courts in the context of a Rule 12(b)(6) motion. <u>Southern Cross Overseas Agency v. Wah Kwong Shipping Group Ltd.</u>, 181 F.3d 410, 426-28 (3d Cir. 1999). The District Court may also consider "a document integral to or explicitly relied upon in the complaint", regardless of whether that document was also attached to the pleading. <u>Angstadt v. Midd-West Sch. Dist.</u>, 377 F.3d 338, 342 (3d Cir. 2004).

**b.      Leave to Amend the Complaint**

Rule 15(a)(1) provides that a party may amend its pleading once as a matter of course either within 21 days after serving it or " if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." "In all other cases, a party may amend its pleading only with the opposing party's consent or the court's leave. The court should freely give leave when justice so requires." Fed R. Civ. P 15(a)(2).

The decision of whether to grant leave to amend under Rule 15(a) is a matter "committed to the sound discretion of the district court." Arab African Int'l Bank v. Epstein, 10 F.3d 168, 174 (3d Cir. 1993). The Third Circuit has adopted a liberal approach to the amendment of pleadings under Rule 15 to ensure that "a particular claim will be decided on the merits rather than on technicalities." Dole v. Arco Chem. Co., 921 F.2d 484, 487 (3d Cir. 1990) (internal citation omitted). The burden is generally on the party opposing the amendment to demonstrate why the amendment should not be permitted. Foman v. Davis, 371 U.S. 178 (1962).

Leave to amend a pleading may be denied where the court finds: (1) undue delay; (2) undue prejudice to the non-moving party; (3) bad faith or dilatory motive; or (4) futility of amendment. Shane v. Fauver, 213 F.3d 113, 115 (3d Cir. 2000). Unfair prejudice is the most common factor that courts cite as a basis for denying leave, and is typically found in situations where the moving party has, without justification, delayed its application to such an extent that the proposed amendment would unfairly prejudice another party. Mere delay alone, however, is not a sufficient basis for denying a motion to amend. See Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 273 (3d Cir. 2001) (holding that passage of time does not require that a motion to amend a complaint be denied on grounds of delay). Only where delay becomes

6

"undue", i.e., placing an unwarranted burden on the court, or "prejudicial", i.e., placing an unfair burden on the opposing party, does that delay become an appropriate basis for denying a motion for leave to amend. Adams v. Gould Inc., 739 F.2d 858, 868 (3d Cir.1984) ("The question of undue delay, as well as the question of bad faith, requires that [the Court] focus on the plaintiff['s] motives for not amending [its] complaint to assert [the] claim[s] earlier; the issue of prejudice requires that [the Court] focus on the effect on the [defendant]."). Delay may become undue when a party has had a previous opportunity to amend its pleading. See Lorenz v. CSX Corp., 1 F.3d 1406, 1414 (3d Cir.1993) (finding that a three-year lapse between the filing of the complaint and the proposed amendment was "unreasonable" delay when plaintiff had previous opportunities to amend). In such cases, the Court must focus on the moving party's reasons for not seeking amendment sooner. USX Corp. v. Barnhart, 395 F.3d 161, 168 (3d Cir. 2004).

A motion for leave to amend may also be denied on "futility" grounds if the proposed amendment "would fail to state a claim upon which relief could be granted." Shane v. Fauver, 213 F.3d at 115. Thus, "[i]n assessing 'futility' the District Court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." Id. As noted above, to survive dismissal under Rule 12(b)(6), a complaint "must contain sufficient factual matter accepted as true to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

## III.   ANALYSIS

### a.   Motion to Dismiss for failure to comply with New Jersey's Affidavit of Merit Statute

As noted above, defendants Kulpa and Aztec filed a motion to dismiss Plaintiffs' Complaint, claiming that Plaintiffs failed to timely provide an affidavit of merit pursuant to N.J.S.A. 2A:53A-27. That statute requires that a party alleging malpractice or negligence by a

7

"licensed person", such as an insurance broker,[3] provide each such defendant with an affidavit from "an appropriate licensed person" stating that "there exists a reasonable probability" that the conduct in question "fell outside acceptable professional or occupational standards or treatment practices." Id. "New Jersey courts have interpreted the Affidavit of Merit Statute to apply to those claims that 'require proof of a deviation from the professional standard of care for that specific profession.'" Syndicate 1245 at Lloyd's v. Walnut Advisory Corp., 721 F. Supp. 2d 307 (D.N.J. 2010) (quoting Couri v. Gardner, 173 N.J. 328, 341 (2002)).  Where the allegations do not require proof of a deviation from a professional standard of care, no affidavit is necessary. Id.

Defendants argue that "[i]t is clear from the complaint and the discovery exchanged thus far that the core of [P]laintiffs' claims against Aztec is for professional malpractice", (Def. Br., ECF No. 18-5, at 5), regardless of how Plaintiffs have characterized those claims.  (Id. at 10-11).  They contend that, because Plaintiffs have failed to timely serve an affidavit of merit, the Court must dismiss the Complaint.  In support of their position, Defendants rely, in large part, upon the United States Court of Appeals for the Third Circuit's opinion in Cananwill, Inc. v. Fuji Express, Inc., 317 F. App'x 115 (3d Cir. 2008), in which the court affirmed the United States District Court for the District of New Jersey's decision to dismiss the complaint in light of the plaintiff's failure to provide an affidavit of merit.  In Cananwill, an insurance broker defendant allegedly advised a commercial insured to finance an insurance premium through a premium finance

---

[3] For the purposes of the Affidavit of Merit Statute, the term "licensed person" includes "an insurance producer", as that term is defined under N.J.S.A. § 17:22A-26, et seq.  See N.J.S.A. § 2A:53A-26(o).  N.J.S.A. § 17:22A-28 defines "insurance producer" as "a person required to be licensed under the laws of [New Jersey] to sell, solicit or negotiate insurance."  An insurance broker/agent is, therefore, an "insurance producer" under N.J.S.A. § 17:22A-28 and, in turn, a "licensed person" for the purposes of the Affidavit of Merit Statute.  Boerger v. Commerce Ins. Servs., No. 04-1337 (JHR), 2005 U.S. Dist. LEXIS 26350, *5, n.2 (D.N.J. Nov. 1, 2005).

agency.  The insured asserted multiple claims alleging that the broker failed to provide sufficient advice or act in the insured's best interest, as well as a claim that the broker "breached its contractual duties . . . with respect to . . . aspects of the insurance."  Id. at 117 (ellipses in original).  The District Court dismissed the insured's claims for failure to provide an affidavit of merit and the Court of Appeals affirmed.  Id. at 117-18.  Defendants Aztec and Kulpa argue that in this case, as in Cananwill, "the allegations in the [C]omplaint go directly to the standard of care imposed upon an insurance broker and whether the standard of care has been breached.  In sum, the complaint sounds in professional malpractice and an affidavit is statutorily required."  (Def. Br., ECF No. 18-5, at 17).

Plaintiffs do not suggest that they ever filed an affidavit of merit.  Instead, they argue that the Affidavit of Merit Statute is inapplicable because they "did not sue [Defendants] for [injuries] resulting from defendants' malpractice or negligence.  Plaintiff[s] sued said defendants for breach of plaintiffs' agreement with said defendants to obtain flood insurance for plaintiffs for the period of time plaintiffs requested."  (Pl. Br., ECF No. 19, at 3).

Plaintiffs have the better argument.  As an initial matter, while Aztec and Kulpa claim that "the complaint and the discovery exchanged thus far" establish that the "core" of this litigation is a claim for professional negligence, (Def. Br., ECF No. 18-5, at 5), the Court may not consider discovery materials in the context of this Rule 12(b)(6) motion.  Therefore, the Court's decision will turn solely on the content of Plaintiffs' allegations, which are straightforward.  As noted above, the Complaint reads, in pertinent part:

> 3. …Plaintiffs paid defendant Kulpa and/or Aztec and/or Preferred Mutual Insurance Company… $365.00 as payment for the flood insurance coverage on the aforesaid property.
>
> . . .

7. Thereafter plaintiffs demanded that defendants Kulpa, Aztec, Preferred and/or Foremost pay plaintiffs the amount of the damages they sustained due to the flooding in accordance with plaintiffs' insurance agreements(s) with the aforesaid defendants.

8. The aforesaid defendants have refused to compensate plaintiffs in accordance with their agreement with plaintiffs and the aforesaid contract of insurance.

(Compl., ECF No. 1-1, ¶¶ 3, 7-8). At this point, Plaintiffs have plead only that they entered into an agreement with various defendants, including Aztec and Kulpa, and that those defendants breached that agreement to Plaintiffs' detriment. That is a garden-variety claim for breach of contract. Plaintiffs' entitlement to damages under this cause of action, in its current form, will turn solely on whether Defendants violated the terms of any agreement proven to exist, and not whether they deviated from any professional standard. While Plaintiffs' allegations do not provide details on the purported "agreement" at issue (i.e, indicating what Aztec and Kulpa were contractually required to do or how they failed satisfy their obligations), the Court notes that Defendants have not challenged the factual sufficiency of the Complaint. Rather, Defendants' motion is premised entirely on the affidavit of merit issue. (See generally Def. Br., ECF No. 18-5). It may be that that discovery will reveal that no such agreement ever existed or that Plaintiffs' contractual claims are otherwise without merit, but those issues have no bearing on Defendants' motion.

Moreover, this Court finds that the Third Circuit's decision in Cananwill was based on a different series of facts and legal claims and is therefore inapplicable here. In Cananwill, the third-party plaintiff made various claims alleging that the third-party defendant broker did not provide professional services commensurate with the appropriate standard of care, including that the broker failed to properly advise its client on various issues. 317 F. App'x at 117. That was the basis for the District Court's underlying ruling on the affidavit of merit issue, which the Court of Appeals ultimately affirmed. While the third-party plaintiff in Cananwill did also assert

10

a vague claim alleging that the broker breached certain "fiduciary and contractual duties", the District Court noted that the third-party plaintiff had made only a "single reference to 'contractual duties'" in its pleading and, in actuality, "complain[ed] solely of [the broker's] alleged *tortious* conduct", (June 5, 2006 Opinion and Order in No. 04-cv-6131 (HAA), ECF No. 31, at 9) (emphasis in original), and that "[n]one of [third-party plaintiff's] allegations describe[ed] the breach of any contractual duty." (Id.). The situation in Cananwill was, therefore, the opposite of that at issue in this case, where Plaintiffs have, thus far, only asserted a breach of contract claim against Aztec and Kulpa.

Based on the foregoing analysis, this Court finds that the Affidavit of Merit Statute is inapplicable to Plaintiffs' current claims against Aztec and Kulpa, which sound solely in breach of contract. N.J.S.A. § 2A:53A-27 (providing that an affidavit of merit need only be provided "[i]n any action for damages . . . resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation"). In turn, because Defendants' motion to dismiss is based entirely on Plaintiffs' alleged failure to timely file an affidavit of merit, this Court recommends that the District Court deny that motion.

**b.**      **Plaintiffs' Cross-Motion to Amend**

Plaintiffs have filed a cross-motion seeking leave to amend their pleading to, among other things, allege a new cause of action for professional negligence against both Aztec and Kulpa. (Proposed Am Compl., ECF No. 20-2, Second Count, ¶ 2). Defendants argue that Plaintiffs' cross-motion should be denied because Plaintiffs are simply seeking "to correct their failure to file an Affidavit of Merit." (Def. Rep. Br., ECF No. 26, at 7). Defendants also claim that the "underlying facts [did] not change from the initial complaint to the proposed amended

complaint." (Def. Rep. Br., ECF No. 26, at 7).[4]  While they do not make the argument expressly, it appears that Defendants contend that the proposed amendment is futile given Plaintiffs' failure to timely file an affidavit of merit in connection with the original Complaint.

As discussed above, this Court has already determined that Plaintiffs' original cause of action against Aztec and Kulpa was for breach of contract and that the Affidavit of Merit Statute did not apply with regard to the Complaint. Moreover, to the extent Plaintiffs are required to file an affidavit of merit in connection with the new professional negligence claims set forth in their Amended Complaint, the period for doing so would not begin running until Defendants filed an answer to that new pleading (i.e., the period would not run from the date defendants filed answers to the original Complaint). Snyder v. Pascack Valley Hosp., 303 F.3d 271, 276 (3d Cir. 2002) ("Thus, it appears that the [Affidavit of Merit Statute's] purpose is best implemented here by establishing as the beginning point of the 120–day limitations period the date on which a defendant files his answer to the final amended complaint.") Defendants' apparent futility argument is therefore without basis. The Court must next determine whether the record reflects evidence of some undue delay, bad faith, dilatory motive or undue prejudice to Defendants that might justify denying Plaintiffs' motion for leave to amend. Shane, 213 F.3d at 115. This Court finds that it does not.

The Pretrial Scheduling Order for this matter required that "[a]ny motion to amend pleadings must be filed not later than 12/16/13." (ECF No. 17 at 3). Plaintiffs filed their cross-

---

[4] Defendants contend that "the core of plaintiffs' theory against Aztec is that Aztec committed malpractice by failure to procure insurance whether it be failing to make sure the necessary payments went to the insurance company or incorrectly advising plaintiffs that they had flood insurance when they, in fact, did not have flood insurance", and that these facts were included in Plaintiffs' original Complaint. (Def. Rep. Br., ECF No. 26, at 7). That is not an accurate statement. As the Court noted above, Plaintiffs' Complaint did not provide any details regarding Defendant Aztec and/or Kulpa's alleged breach of contract. (Compl., ECF No. 1-1, at ¶¶ 3-8).

12

motion for leave to amend on October 28, 2013, well before that deadline.  (ECF No. 20).

Moreover, Plaintiffs seek to add a new facts and a new cause of action against Defendants Aztec

and Kulpa.  Thus, there is no indication of undue delay or that Plaintiffs are acting in bad faith.

Further, the record does not suggest that permitting the amendment will cause Defendants to

suffer any undue prejudice, as very little discovery has occurred thus far and this case is still in

its relatively early stages.  (Pl. Br., ECF No. 19, at 5).

      In sum, applying the liberal standards set forth under Rule 15(a) and related case law, this

Court finds that the interests of justice require that Plaintiffs be permitted leave to amend their

pleading.

## IV.    <u>CONCLUSION</u>

      It is the recommendation of this Court that Defendants' motion to dismiss (ECF No. 18),

be **denied**.  This Court further recommends that Plaintiffs' cross-motion to amend (ECF No. 20)

be **granted**.

                              3/24/14

                        JOSEPH A. DICKSON, U.S.M.J.

cc.      Honorable Esther Salas, U.S.D.J.