NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | : | |
|---|---|---|
| JOHN INGLESE and ELIZABETH INGLESE, | : | |
| Plaintiffs, | : | |
| v. | : | Civ. Action No. 13-1927 (ES)(JAD) |
| ROBERT KULPA, AZTEC AGENCY, INC., FOREMOST INSURANCE COMPANY and PREFERRED MUTUAL INSURANCE COMPANY, | : | MEMORANDUM OPINION & ORDER |
| Defendants. | : | |

**SALAS, DISTRICT JUDGE**

Pending before the Court is defendants Robert Kulpa ("Kulpa") and Aztec Agency, Inc.'s ("Aztec") (collectively, "Defendants") motion to dismiss plaintiffs John Inglese and Elizabeth Inglese's (collectively, "Plaintiffs") complaint. (D.E. No. 18). Also pending before the Court is Plaintiffs' cross-motion to amend their complaint. (D.E. No. 20).

This Court referred both motions to the Honorable Joseph A. Dickson, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B). On March 24, 2014, Magistrate Judge Dickson issued a Report and Recommendation (the "R & R") that the undersigned deny Defendants' motion to dismiss and grant Plaintiffs' cross-motion to amend. (D.E. No. 29). The parties had fourteen days to file and serve any objections to the R & R pursuant to Local Civil Rule 72.1(c)(2). On April 4, 2014 Defendants filed an objection to the R & R. (D.E. No. 34 ("Defendants' Objection")).[1]

---

[1] The Clerk of Court indicated that Defendants improperly classified their objection, (D.E. No. 34), on the Court's ECF System as a "brief" instead of an "objection to report & recommendation." (*See* D.E. dated April 7, 2014). On

In this Memorandum Opinion and Order, the Court only addresses the relevant portions of the R & R and Defendants' related objections because Judge Dickson provided the relevant factual and procedural background in the R & R. (*See* D.E. No. 29).

### I.     Judge Dickson's R & R

First, Judge Dickson recommends that Defendants' motion to dismiss should be denied. Judge Dickson rejected Defendants' contention that Plaintiffs complaint should be dismissed for failure to file an affidavit of merit under N.J.S.A. § 2A:53A-27—which Defendants argue is necessary for a professional negligence or malpractice claim. (D.E. No. 29 at 10-11). Judge Dickson determined that the "Affidavit of Merit Statute is inapplicable to Plaintiffs' current claims against Aztec and Kulpa, which sound solely in breach of contract." (*Id.* at 11). Indeed, Judge Dickson reasoned that "Plaintiffs have plead[ed] only that they entered into an agreement with various defendants, including Aztec and Kulpa, and that those defendants breached that agreement to Plaintiffs' detriment." (*Id.* at 10).

Second, Judge Dickson recommends that Plaintiffs' cross-motion to amend their complaint be granted. Judge Dickson determined that Plaintiffs seek to "amend their pleading to, among other things, allege a new cause of action for professional negligence against both Aztec and Kulpa." (*Id.* at 11). Judge Dickson reasoned that—since Plaintiffs' original cause of action was for breach of contract—the proposed amendment would not be futile for Plaintiffs' failure to previously file an affidavit of merit. (*Id.* at 12). And Judge Dickson further determined that this request to add new allegations and a new cause of action was timely under the Court's pretrial scheduling order. (*Id.* at 12-13 (citing D.E. No. 17)). Accordingly, Judge Dickson found that the

---

April 9, 2014, Defendants properly re-filed and classified their objection. (D.E. No. 35). Both submissions are, however, the same. The Court accordingly accepts Defendants' first submission, (D.E. No. 34), as their objection to the R & R.

record failed to reflect undue delay, bad faith, dilatory motive or undue prejudice—and that the liberal standards under Federal Rule of Civil Procedure 15(a) and the interests of justice support granting Plaintiffs' motion to amend. (*Id.*).

## II. Defendants' Objections

Defendants object to both of these recommendations. They argue that, "regardless of the label applied to the cause of action in the pleading, 'if the underlying factual allegations of the claim require proof of a deviation from the professional standard of care for that specific profession,' then an affidavit of merit is necessary." (Defendants' Objection at 4 (quoting *Couri v. Gardner*, 801 A.2d 1134, 1141 (N.J. 2002))). Defendants assert that "New Jersey Courts have thus agreed that the Affidavit of Merit statute applies to breach of contract claims whenever proof of deviation from a professional standard of care is required." (*Id.* at 5). And Defendants assert that "[t]here is no contract between Aztec and [Plaintiffs], either written or otherwise" and, therefore, that "Judge Dickson's determination of a contract was incorrect." (*Id.* at 2).

Defendants also object to Judge Dickson's recommendation regarding Plaintiffs' cross-motion to amend their complaint. They aver that, "[i]n an effort to correct [Plaintiffs'] failure to file an Affidavit of Merit, [P]laintiffs' [sic] filed a cross-motion to amend its [sic] complaint to include a negligence cause of action." (*Id.* at 6). Defendants argue that the "core of [P]laintiffs' theory against Aztec is that Aztec committed malpractice by failing to procure insurance whether it be [for] failing to make sure the necessary payments went to the insurance company or incorrectly advising [P]laintiffs that they had flood insurance when they, in fact, did not have flood insurance." (*Id.* at 7). Finally, Defendants contend that Plaintiffs' interrogatory responses "explain how [P]laintiffs' allegations are sounded in professional malpractice" and that the

3

responses do not "reference any contract because it does not exist." (*Id.* at 7-8).

### III. Discussion

As an initial matter, Defendants' motion to dismiss was improperly brought under Federal Rule of Civil Procedure 12(b)(6) because they filed their motion *after* having already filed an answer. (*See* D.E. No. 7). Accordingly, the Court may construe Defendants' motion as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because, at the time of Defendants' motion, all pleadings had been filed. *See Syndicate 1245 at Lloyd's v. Walnut Advisory Corp.*, 721 F. Supp. 2d 307, 313-14 (D.N.J. 2010) (construing the defendant's motion to dismiss for failure to submit an affidavit of merit as a motion under Rule 12(c) because the defendant had previously filed an answer).

Notably, however, Judge Dickson's R & R *granted* Plaintiffs' motion to amend their complaint. Accordingly, after Judge Dickson filed the R & R—but before the deadline for objections had expired—Plaintiffs filed an amended complaint. (D.E. No. 32). And, in view of Plaintiffs' amended complaint, the other defendants in this action filed an answer. (D.E. No. 36).

Thus, Defendants' motion to dismiss was improperly filed under Rule 12(b)(6) and should be converted to a Rule 12(c) motion—but the pleadings were effectively reopened thereafter because it was within Judge Dickson's authority to grant Plaintiffs' motion to amend their complaint. *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(a); *Dalton v. McCourt Elec., LLC*, No. 12-3568, 2013 WL 1124397, at *1 n.1 (E.D. Pa. Mar. 19, 2013) ("Magistrate Judges have authority to decide motions to amend a complaint . . . ."). And this effectively mooted Defendants' motion to dismiss because there can only be one operative complaint in a matter and, therefore, the Court could not address Defendants' motion under Rule 12(b)(6). *See Little v.*

*Conn. Gen. Life Ins. Co.*, No. 11-2944, 2011 WL 5025125, at *5 (D.N.J. Oct. 21, 2011).

Accordingly, for the sake of fairness to Defendants and judicial economy, the Court construes Defendants' objection as an appeal of the portion of the R & R granting Plaintiffs' motion for leave to amend their complaint. This approach should not prejudice Defendants because Defendants' objection to Judge Dickson's leave-to-amend recommendation reiterates their affidavit-of-merit arguments to presumably show the futility of Plaintiffs' amendment.

### a. Legal Standard

"When a litigant files an objection to a Report and Recommendation, the district court must make a *de novo* determination of those portions to which the litigant objects." *Leonard Parness Trucking Corp. v. Omnipoint Commc'ns, Inc.*, No. 13-4148, 2013 WL 6002900, at *2 (D.N.J. Nov. 12, 2013) (citing 28 U.S.C. § 636(b)(1)(A), Fed. R. Civ. P. 72(b), and L. Civ. R. 72.1(c)(2)).

Under Federal Rule of Civil Procedure 15(a)(2), courts "should freely give leave [to amend pleadings] when justice so requires." A court may deny leave to amend a complaint, however, if there is undue delay, bad faith, dilatory motive, prejudice or if the amendment would be futile. *In re NAHC, Inc. Sec. Litig.*, 306 F.3d 1314, 1332 (3d Cir. 2002). "[A]n amendment would be futile when the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (internal quotations marks omitted). Thus, to determine whether an amendment is futile, a court "applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "When reviewing a motion to dismiss, '[a]ll allegations in the complaint must be accepted as true, and the plaintiff must be given the benefit of every favorable inference to be drawn therefrom.'" *Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Kulwicki v. Dawson*, 969 F.2d 1454, 1462 (3d Cir. 1992)).

### b. Analysis

As noted above, Defendants' objection to the R & R evidently only concerns Plaintiffs' failure to file an affidavit of merit.[2] Defendants assert that, whether Plaintiffs' cause of action is "titled breach of contract or negligence," that their "claims are the same—that a licensed professional committed malpractice." (Defendants' Objection at 3).

Under New Jersey law, a party alleging malpractice or negligence by a "licensed person" must provide a defendant with a certain affidavit. *See* N.J.S.A. § 2A:53A-27. Specifically, N.J.S.A. § 2A:53A-27 provides that:

> In any action for damages for personal injuries, wrongful death or property damage resulting from an alleged act of malpractice or negligence by a licensed person in his profession or occupation, the plaintiff shall, within 60 days following the date of filing of the answer to the complaint by the defendant, provide each defendant with an affidavit of an appropriate licensed person that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional or occupational standards or treatment practices. The court may grant no more than one additional period, not to exceed 60 days, to file the affidavit pursuant to this section, upon a finding of good cause.

---

[2] In their objection, Defendants ask the Court to consider Plaintiffs' interrogatory answers that purportedly "clearly show that [P]laintiffs' claims arise out of negligence and nothing else." (Defendants' Objection at 7-8). Defendants cite case law and other authority for the unremarkable proposition that, when resolving a 12(b)(6) motion, the Court considers the allegations contained in the complaint, exhibits attached to the complaint and matters of public record. (*Id.* at 7 (citing *City of Pittsburgh v. W. Penn Power Co.*, 147 F.3d 256, 259 (3d Cir. 1998))). Defendants' cited authority, however, does not permit the Court to consider interrogatory responses at the instant stage.

"New Jersey courts have interpreted the [affidavit of merit] statute to apply to those claims that 'require proof of a deviation from the professional standard of care for that specific profession.'" *Syndicate 1245 at Lloyd's*, 721 F. Supp. 2d at 315 (quoting *Couri*, 801 A.2d at 1141). "In ascertaining whether the claims require such proof, courts must look to the underlying factual allegations, and not how the claim is captioned in the complaint." *Id.* Failure to provide an affidavit of merit where one is required warrants dismissal for failure to state a claim. *See* N.J.S.A. § 2A:53A-29; *Nuveen Municipal Trust. v. Withumsmith+Brown, P.C.*, No. 08-5994, 2009 WL 3246139, at *2 (D.N.J. Oct. 7, 2009).

But, if the factual allegations underlying a claim do not require a proof of a deviation from a professional standard of care, then the affidavit-of-merit statute does not apply. *Couri*, 801 A.2d at 1142 (reversing lower court and holding that "plaintiff's breach of contract claim does not require proof of a deviation from the professional standard of care" and therefore "the Affidavit of Merit Statute is not applicable to plaintiff's claim").

Here, Plaintiffs' allegations underlying their breach of contract claim as to Kulpa and Aztec do not seem to necessarily require proof of a deviation from a professional standard of care mandating an affidavit of merit. Instead, on their face, Plaintiffs' allegations concern a breach of an agreement. (*See, e.g.*, D.E. No. 1-1, Complaint ¶¶ 7-8 ("[P]laintiffs demanded that defendants . . . pay [P]laintiffs the amount of the damages they sustained due to the flooding in accordance with [P]laintiffs' insurance agreement(s) with the aforesaid defendants. The aforesaid defendants have refused to compensate [P]laintiffs in accordance with their agreement with [P]laintiffs and the aforesaid contract of insurance.")). Moreover, even if Plaintiffs' breach of contract claim "might implicate a deviation from prevailing professional standards of practice,

7

proof of that deviation is not essential to the establishment of [Plaintiffs'] right to recover based on breach of contract." *See Couri*, 801 A.2d at 1142

Tellingly, Defendants do not explain *how* Plaintiffs' breach of contract claim necessarily implicates proof of a deviation from prevailing professional standards of practice. *Cf. Landscapeworks, Inc. v. Stas*, No. A-1039-12T1, 2014 WL 620603, at *2 (N.J. Super. Ct. App. Div. Feb. 19, 2014) ("On their face, the allegations seek to impose liability based upon [defendant's] alleged failure to perform his professional duties *in accord with the standard applicable to his skill, expertise, and experience in accounting*.") (emphasis added). Instead, Defendants only conclusorily assert that Plaintiffs' breach of contract claim is "simply a disguised professional negligence claim" and that Plaintiffs' "initial complaint was a malpractice claim against an insurance broker" that was "dressed up in the clothes of a breach of contract claim." (*See* Defendants' Objection at 2, 5).

Thus, Plaintiffs' failure to provide Defendants with an affidavit of merit at this stage does not render their amendment futile because Plaintiffs' original allegations did not demand that Plaintiffs provide Defendants with any such affidavit. And, as Judge Dickson correctly determined, if Plaintiffs must provide an affidavit of merit based on any of their new allegations, the period for doing so begins *after* Defendants file an answer to Plaintiffs' amended complaint. *See* N.J.S.A. § 2A:53A-27.[3]

---

[3] The Court need not address the other factors that may warrant denying leave to amend a complaint (i.e., undue delay, bad faith, dilatory motive, or prejudice) because Defendants did not raise any of those issues in their objection to the R & R.

8

The Court has reviewed Judge Dickson's R & R and Defendants' objection thereto, and for the reasons stated above,

**IT IS** on this 25th day of April 2014,

**ORDERED** that this Court ADOPTS Magistrate Judge Dickson's Report and Recommendation, (D.E. No. 29), in relevant part, as detailed above; and it is further

**ORDERED** that Plaintiffs' motion for leave to amend their complaint, (D.E. No. 20), is hereby GRANTED and the Court hereby accepts Plaintiffs' pleading in Docket Entry No. 32 as the operative complaint in this action; and it is further

**ORDERED** that Defendants' motion to dismiss, (D.E. No. 18), is DENIED; and it is further

**ORDERED** that the Clerk of Court shall terminate Docket Entry Nos. 18, 20 and 29.

*/s/ Esther Salas*
**Esther Salas, U.S.D.J.**